UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERSON J. POP, Plaintiff, v. WASHOE COUNTY SHERIFF'S OFFICE, *et. al.*, Defendants. | Case No. 3:26-cv-00411-MMD-CSD<br>ORDER |

## I. SUMMARY

*Pro se* Plaintiff Gerson J. Pop, who is currently incarcerated at the Washoe County Detention Center ("WCDC"), submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint") and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-1, 1.) The matter of the filing fee will be temporarily deferred. The Court now screens Pop's Complaint under 28 U.S.C. § 1915A.

## II. SCREENING STANDARD

"[T]he Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in the Federal Rules of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of the elements of a cause of action is insufficient. *See id*. Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. SCREENING OF COMPLAINT

In the Complaint, Pop sues Defendants Washoe County Sheriff's Office, Darby G. Phelphs, Rebecca Koss, and G. Franczak for events that occurred during his incarceration at WCDC. (ECF No. 1-1 at 1.) Pop brings two counts and seeks monetary relief. (*Id.* at 3-6.)

The Court dismisses the Complaint in its entirety, without prejudice and with leave to amend, because it includes improperly joined claims. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the suit when such claims are brought against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a suit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims involving different defendants must be brought in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint

that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner”). These rules are not only intended to avoid confusion arising out of bloated lawsuits but are also designed to ensure that inmates pay the required filing fees for their lawsuits and that inmates are prevented from circumventing the “three strikes rule” under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

In Count I, Pop alleges that he did not have a timely preliminary hearing and that his request for a speedy trial was not honored. (ECF No. 1-1 at 3.) At other places in the Complaint, Pop also appears to allege that he was found guilty without *Brady* material, that his statements were obtained through coercion and threats, that he was unlawfully seized without probable cause, and that he was subject to malicious prosecution. (*Id.* at 2, 6.) In Count II, Pop alleges that he and two other inmates were improperly housed in a cell meant for two people. (*Id.* at 3.) When they filed a grievance about the issue, “classification” moved Pop to general population, where there are mentally ill inmates. (*Id.*) Pop does not include any specific allegations about any Defendants in the Complaint. However, it appears that his claim in Count II regarding conditions at WCDC is completely unrelated to his claims regarding his trial, and it appears that this claim would be against different defendants. As such, Pop cannot bring both claims in a single case.

The Court advises Pop that each claim raised in any amended complaint must be permitted by either Rule 18 or Rule 20. Pop may state a single claim against a single defendant. Pop may then add any additional claims to his action that are against the same defendant under Rule 18. Pop may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. *See* Fed. R. Civ. P. 20(a)(2).

Claims may not be joined merely because they occurred in the same detention facility, the violators had the same supervisor, or the claims are based on the same type of constitutional violation. Pop may not evade these requirements by alleging that he

informed the same person of the events or by making conclusory allegations that all Defendants are engaged in a conspiracy or campaign of harassment. Pop may also not evade these requirements by including multiple causes of action in the portion of the complaint form reserved for one claim.

If Pop brings improperly joined claims in any amended complaint, the Court will consider the first claim he brings and dismiss any improperly joined claims without prejudice but without leave to amend. Although the Court dismisses the Complaint in its entirety for bringing improperly joined claims, the Court will briefly discuss some legal standards that may be relevant to Pop in bringing any amended complaint.

### A. *Heck* Bar

It appears that Pop is bringing claims regarding his trial and conviction. Therefore, the Court notes that in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id*. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Pop cannot bring any claims that would invalidate his sentence or his incarceration in a § 1983 case unless that sentence or incarceration has already been found to be invalid. If Pop is seeking to invalidate his sentence or incarceration, he must do so in a petition for a writ of habeas corpus or via other state law mechanisms.

**B. Conditions of Confinement**

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018). The Court evaluates Fourteenth Amendment conditions-of-confinement claims under the objective deliberate indifference standard. *See id.* To establish unconstitutional conditions of confinement, a plaintiff must prove that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125; *see also Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016). When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).

## IV. LEAVE TO AMEND

Pop is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If Pop chooses to file an amended complaint, he is advised that an amended complaint supersedes (i.e., replaces) the original complaint so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Pop's amended complaint must contain all claims, defendants, and factual allegations that Pop wishes to pursue in this lawsuit. Moreover, Pop should

file the amended complaint on the Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Pop chooses to file an amended complaint, he will file the amended complaint within 30 days of the date of this Order. If Pop chooses not to file an amended complaint, this action will be subject to dismissal without prejudice.

**IV. CONCLUSION**

It is therefore ordered that a decision on the application to proceed IFP (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court is directed to file Pop's Complaint (ECF No. 1-1) and send Pop a courtesy copy of the Complaint.

It is further ordered that the Complaint is dismissed in its entirety, without prejudice and with leave to amend, for bringing improperly joined claims.

It is further ordered that, if Pop chooses to file an amended complaint curing the deficiencies of the Complaint as outlined in this Order, he will file the amended complaint within 30 days of the date of this Order.

It is further ordered that the Clerk of the Court will send to Pop the approved form for filing a § 1983 complaint and instructions for the same. If Pop chooses to file an amended complaint, he should use the approved form, and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Pop chooses not to file an amended complaint curing the stated deficiencies, this action will be subject to dismissal without prejudice.

DATED THIS 29th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE