UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERSON J. RAX-POP,<br><br>Plaintiff,<br><br>v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00411-MMD-CSD<br><br>SCREENING ORDER ON SECOND AMENDED COMPLAINT |

## I. SUMMARY

On July 29, 2026, the Court screened Plaintiff Gerson J. Rax-Pop's Complaint under 28 U.S.C. § 1915A. (ECF No. 3.) The Court dismissed the Complaint in its entirety without prejudice, and with leave to amend, because it included improperly joined claims. (*Id.*) The Court also explained various deficiencies with the claims in the Complaint. (*Id.*) Rax-Pop then filed a First Amended Complaint ("FAC"). (ECF No. 4.) The FAC was a word for word copy of the Complaint. Rax-Pop did not address either the issue of his improperly joined claims, or the deficiencies with his individual claims. The Court therefore dismissed the FAC without prejudice and with leave to amend. (ECF No. 6.) Rax-Pop has now filed a Second Amended Complaint ("SAC"). (ECF No. 8.) The Court accepts the SAC as the operative complaint in this case. The Court will now screen the SAC under 28 U.S.C. § 1915A.

## II. SCREENING STANDARD

"[T]he Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in the Federal Rules of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than

formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of the elements of a cause of action is insufficient. *See id*. Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## IV. SCREENING OF SAC

In the SAC, Rax-Pop sues Defendants Washoe County Detention Facility, Darby G. Phelphs, Rebecca Koss, and G. Franczak for events that occurred during his incarceration at Washoe County Detention Center ("WCDC"). (ECF No. 8 at 1.) Rax-Pop brings two counts and seeks monetary relief. (*Id.* at 3-6.)

In the Court's previous two screening orders, the Court explained that Rax-Pop cannot bring unrelated claims against different defendants in the same case. (ECF Nos. 3, 6.) The Court dismissed the Complaint and the FAC for bringing improperly joined

claims because Rax-Pop brought both claims regarding his criminal trial or conviction and claims about the conditions of his confinement at WCDC. (*Id.*) The Court also explained that under *Heck v. Humphrey*, 512 U.S. 477 (1994), Rax-Pop cannot bring any claims in a § 1983 case if success on those claims would demonstrate the invalidity of his conviction or his sentence unless that sentence or conviction has already been found to be invalid. (*Id.*) Finally, the Court explained the standard for stating a conditions of confinement claim for a pretrial detainee and the deficiencies in the Complaint and FAC. (*Id.*)

After the Court dismissed the Complaint, Rax-Pop filed an FAC that was a word for word copy of the Complaint. In light of Rax-Pop's pro se status, the Court gave him one more opportunity to file an amended complaint. (ECF No. 6 at 5.) The Court warned Rax-Pop that he "must carefully read the Court's instruction" and that if he refiled "the same complaint again, this case will be subject to dismissal without further warning."

The SAC appears to be an exact copy of the Complaint. The only discernible difference is that Rax-Pop changed the date and checked boxes for a first and second amended complaint. Rax-Pop has twice now completely disregarded the Court's screening orders.

Moreover, in the Court's second screening order, the Court noted that it appears that Rax-Pop had been moved to Lovelock Correctional center, but he had not filed an updated address. The Court directed Rax-Pop to file a notice confirming his current address within 30 days and warned him that this case would be subject to dismissal if he failed to do so. Rax-Pop has not filed a notice confirming his current address or otherwise respond to the Court's directive.

In light of Rax-Pop's repeated failures to comply with the Court's orders, the Court dismisses this case without prejudice, but without further leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming a district court's dismissal with prejudice when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

If Rax-Pop wishes to pursue his claims he must do so in a new case. Additionally, as, the Court has repeatedly explained, he cannot bring improperly joined claims in the same case. In the interest of judicial efficiency, the Court will explain the deficiencies in the SAC.

**A. Joinder**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the suit when such claims are brought against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a suit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims involving different defendants must be brought in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion arising out of bloated lawsuits but are also designed to ensure that inmates pay the required filing fees for their lawsuits and that inmates are prevented from circumventing the "three strikes rule" under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

In Count I, Rax-Pop alleges that he did not have a timely preliminary hearing and that his request for a speedy trial was not honored. (ECF No. 8 at 3.) Rax-Pop also appears to allege that he was found guilty without *Brady* material, that his statements were obtained through coercion and threats, that he was unlawfully seized without probable cause, and that he was subject to malicious prosecution. (*Id.* at 2, 6.)

In Count II, Rax-Pop alleges that he and two other inmates were improperly housed in a cell meant for two people. (*Id.* at 3.) When they filed a grievance about the issue, "classification" moved Rax-Pop to general population, where there are mentally ill

inmates. (*Id.*) As the Court previously explained, these claims are completely unrelated, and they appear to be against different Defendants. As such, they are not properly joined in a single case.

**B. *Heck* Bar**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id*. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

As the Court explained in its previous screening order, Rax-Pop cannot bring any claims in a § 1983 action if success would necessarily imply the invalidity of his conviction or his sentence, unless that conviction or sentence has already been found to be invalid. Although Rax-Pop's allegations are not entirely clear, he appears to allege that *Brady* material was withheld during his trial and that his statements were obtained through threats and coercion. This necessarily implies the invalidity of his conviction. Despite the Court's repeated explanation of the *Heck* bar, Rax-Pop does not allege that his conviction has been overturned or provide any other explanation for why this claim should not be *Heck*-barred. Thus, even if the Court did not dismiss the SAC due to joinder issues and Rax-Pop repeatedly ignoring the Court's orders, the Court would dismiss this claim as *Heck*-barred.

**C. Conditions of Confinement**

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018). The Court evaluates Fourteenth Amendment conditions-of-confinement claims under the objective deliberate indifference standard. *See id.* To establish unconstitutional conditions of confinement, a plaintiff must prove that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125; *see also Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016). When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).

As the Court explained in its previous screening order, the allegations in the SAC are too vague to support a colorable conditions of confinement claim. Thus, even if the Court did not dismiss the SAC due to joinder issues and Rax-Pop repeatedly ignoring the Court's orders, the Court would dismiss this claim for failure to state a claim.

**VI. CONCLUSION**

It is therefore ordered that the Court accepts the Second Amended Complaint (ECF No. 4) as the operative complaint in this case. The Clerk of the Court is directed to send Rax-Pop a courtesy copy of the Second Amended Complaint.

It is further ordered that the Second Amended Complaint is dismissed in its entirety without prejudice, but without further leave to amend, because it brings improperly joined claims, and neither of the improperly joined claims is colorable.

It is further ordered that Rax-Pop's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Court certifies that any in forma pauperis appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to enter judgment accordingly and close this case.

The Clerk of the Court is directed to send a courtesy copy of this order and Rax-Pop's Second Amendment Complaint to Rax-Pop at Lovelock Correctional Center.

DATED THIS 24th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE